**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4360**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KATRELL DEVINAIR SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:19-cr-00313-FDW-DCK-1)

Submitted:  May 13, 2022                          Decided:  June 15, 2022

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**   Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katrell Devinair Smith pled guilty pursuant to a plea agreement to destruction and delay of the mail by a postal employee, in violation of 18 U.S.C. § 1703. The district court calculated Smith's Guidelines ranges under the U.S. Sentencing Guidelines Manual (2018) at four to ten months' imprisonment and one to three years of supervised release and sentenced Smith to four months' imprisonment and one year of supervised release.

On appeal, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether Smith pled guilty knowingly and voluntarily, whether his guilty plea was supported by a factual basis, whether trial counsel rendered ineffective assistance, whether the prosecution engaged in misconduct, and whether the district court abused its discretion in imposing sentence. Smith was informed of his right to file a pro se supplemental brief but has not done so. The Government declined to file a responsive brief and does not seek to enforce the appeal waiver in Smith's plea agreement.[1] We affirm.[2]

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238,

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

[2] During the pendency of this appeal, Smith was released from prison. We nevertheless conclude that, in view of Smith's service of the one-year term of supervised release, this appeal is not moot. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

243 n.5 (1969).  The Rule "sets out the information a court is to convey to ensure that a defendant who pleads guilty understands the consequences of the plea."  *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012).  "The court also must determine that the plea is voluntary and that there is a factual basis for the plea."  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  Because Smith did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only.  *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).  "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."  *Id.*  In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions.  *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Our review of the *Anders* brief and the transcript of the guilty plea hearing leads us to conclude that the magistrate judge's omissions under Rule 11 did not affect Smith's substantial rights.  The transcript of the guilty plea hearing also reveals that the plea was supported by an independent basis in fact and that Smith entered the plea knowingly and voluntarily and with an understanding of the consequences.  Accordingly, we discern no plain error in the acceptance of Smith's guilty plea.

Next, counsel questions whether trial counsel rendered ineffective assistance in the proceedings below.  We typically will not hear a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018),

3

"[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To establish ineffective assistance of trial counsel, Smith must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. Such claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address this claim at this juncture.

Counsel also questions whether the prosecution engaged in misconduct. We review this issue for plain error because Smith did not raise a claim of prosecutorial misconduct in the district court. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). To succeed on a claim of prosecutorial misconduct, the defendant bears the burden of showing that the prosecution engaged in misconduct and that such conduct "prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *Id.* We have reviewed the record and find no improper conduct on the part of the prosecution. We thus discern no plain error in this regard.

Counsel further questions whether the district court abused its discretion in imposing sentence. "We review a [criminal] sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In conducting such review, we must first ensure that the district court did not commit any significant

4

procedural error, such as "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51).  When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

If the sentence is procedurally sound, we review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51.  Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).   Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable, and Smith bears the burden of demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

After review of the record, we conclude that the district court properly calculated Smith's Guidelines imprisonment range, gave counsel an adequate opportunity to argue for an appropriate sentence, properly afforded Smith the opportunity to allocute, and

considered counsel's argument, the advisory Guidelines range, and the § 3553(a) factors. The court determined that the four-month prison sentence was warranted based on the nature of Smith's criminal conduct, the need for the sentence to afford adequate deterrence to criminal conduct, and the needs for the sentence to reflect the seriousness of the offense and to promote just punishment and respect for the law. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). The court rejected the defense's request for a probationary sentence, explaining that probation would not sufficiently promote the sentencing goals of deterrence, just punishment, and promoting respect for the law, and rejected the defense's argument that a prison sentence at the low end of the Guidelines range would promote unwarranted sentencing disparities, *see* 18 U.S.C. § 3553(a)(6), for lack of supporting argument and because the § 3553(a) factors supported the four-month term. The district court's explanation was sufficient to support the imposition of this term, and Smith does not point to any factors to overcome the presumption of reasonableness afforded to it. We thus discern no abuse of discretion in the imposition of the four-month prison term.

Turning to the reasonableness of Smith's one-year term of supervised release, because this issue was not raised before the district court, our review is for plain error only. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). Smith's conviction was for a Class D felony, and, thus, the authorized term of supervised release that could be imposed as part of his sentence for this offense was not more than three years. 18 U.S.C. §§ 3559(a)(4), 3583(b)(2). The district court properly calculated Smith's supervised release Guidelines range and, after hearing argument, did not plainly err in its consideration of the supporting § 3553(a) factors. The court's comments sufficiently reveal the basis for

6

the term it imposed, and Smith proffers no argument suggesting that the within-Guidelines supervised release term was unreasonable when measured against the § 3553(a) factors. He thus fails to establish plain error in his one-year term of supervised release.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*